Arthur **VIGIL, Plaintiff–Appellant,**

v.

**EXPRESSJET AIRLINES, INC., and Continental Airlines, Inc., Defendants–Appellees.**

No. 06–5578–cv.

United States Court of Appeals, Second Circuit.

Oct. 15, 2008.

John L. Franco, Burlington, VT, for Appellant.

Alison Bell, Langrock, Sperry & Wool, LLP, Burlington, VT, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff Arthur Vigil appeals from a judgment of the District Court, entered on November 14, 2006, following a successful motion for summary judgment filed by defendants ExpressJet Airlines, Inc., and Continental Airlines, Inc. Plaintiff alleged that defendants discriminated against him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and Vermont's Fair Employment Practices Act, 21 V.S.A. § 495 et seq. ("FEPA"), and breached an implied contract to use progressive discipline before termination. On appeal, plaintiff argues that the District Court erred in finding that there was insufficient evidence of a pretextual termination and an implied contract of progressive discipline to allow plaintiff to present his claims to a jury. We assume the parties' familiarity with the underlying facts and procedural history of the case, which have been thoroughly explained by the District Court.

"We review the District Court's grant of summary judgment *de novo."* *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Both the ADEA and the FEPA prohibit employment discrimination on the basis of age, and the stan-

dards and burdens of proof under both statutes are the same. *See Ross v. Times Mirror, Inc.*, 164 Vt. 13, 24, 665 A.2d 580 (1995).

Upon review of the record, we find no basis to disagree with the findings or conclusions of the District Court, which properly applied the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (outlining "burden shifting" in a workplace discrimination claim brought under Title VII of the Civil Rights Act of 1964). *See Vigil v. ExpressJet Airlines, Inc.*, No. 05–cv–00084–jgm, Dkt. No. 51 ("Ruling on Defendants' Motion for Summary Judgment"), at 10–11, 2006 WL 3304191 (D.Vt. Nov. 13, 2006). Defendants have conceded that plaintiff has stated a *prima facie* case for age discrimination. In response, they have put forward a number of legitimate, nondiscriminatory reasons for plaintiff's termination. *See, e.g., id.*, Dkt. No. 36 ("Affidavit of Ewan Barr"), Ex. C–Ex. F (D.Vt. May 25, 2006) (containing contemporaneous complaints by multiple employees about plaintiff). Plaintiff was unable to respond with sufficient evidence that age was a factor in his discharge, or that there was an implied contract guaranteeing progressive discipline prior to termination, such that there was a genuine issue of material fact requiring resolution by a jury. In addition, we find no evidence to support plaintiff's retaliation claim, which was not pleaded in the District Court.

We therefore **AFFIRM** the judgment of the District Court substantially for the reasons stated by the Court in its ruling of November 13, 2006.